ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900
   Attorneys for Plaintiffs
5  LES JANKEY
   and DISABILITY RIGHTS
6  ENFORCEMENT, EDUCATION,
   SERVICES: HELPING YOU
7  HELP OTHERS



E-filing

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11  LES JANKEY, an individual; and          )  CASE NO.
    DISABILITY RIGHTS, ENFORCEMENT,          )  Civil Rights
    EDUCATION, SERVICES:HELPING YOU )
12  HELP OTHERS, a California public benefit )  **COMPLAINT FOR INJUNCTIVE RELIEF**
    corporation,                            )  **AND DAMAGES:**
13                                          )
            Plaintiffs,                     )  **1st CAUSE OF ACTION:** For Denial of Access
14                                          )  by a Public Accommodation in Violation of the
    v.                                      )  Americans with Disabilities Act of 1990 (42
15                                          )  U.S.C. §12101, *et seq.*)
                                            )
16  GEARY PARKWAY MOTEL; HENRY              )  **2nd CAUSE OF ACTION:** For Denial of Full
    KAO-CHUN YANG TRUSTEE of the            )  and Equal Access in Violation of California
17  CHUNG LANG YANG IRREVOCABLE             )  Civil Code §§54, 54.1 and 54.3
    TRUST; BALWANTSINH D. THAKOT,           )
18  and KIRANSHINH B. THAKOR,               )  **3rd CAUSE OF ACTION:** For Denial of
    individuals dba GEARY PARKWAY           )  Accessible Sanitary Facilities in Violation of
19  MOTEL,                                  )  California Health & Safety Code §19955, *et seq.*
                                            )
20          Defendants.                     )  **4th CAUSE OF ACTION:** For Denial of
    _____)  Access to Full and Equal Accommodations,
21                                             Advantages, Facilities, Privileges and/or
                                               Services in Violation of California Civil Code
22                                             §51, *et seq.* (The Unruh Civil Rights Act)

23

24                                             **DEMAND FOR JURY**

25

26

27

28

1 Plaintiffs LES JANKEY, an individual; and DISABILITY RIGHTS, ENFORCEMENT,
2 EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
3 corporation (hereinafter sometimes referred to as "DREES"), complain of defendants HENRY
4 KAO-CHUN YANG TRUSTEE of the CHUNG LANG YANG IRREVOCABLE TRUST;
5 BALWANTSINH D. THAKOT, and KIRANSHINH B. THAKOR, individuals dba GEARY
6 PARKWAY MOTEL and allege as follows:

7 **INTRODUCTION:**

8      1.     This is a civil rights action for discrimination against persons with physical
9 disabilities, of which class plaintiff LES JANKEY and the membership of DREES are members,
10 for failure to remove architectural barriers structural in nature at defendants' GEARY
11 PARKWAY MOTEL, a place of public accommodation, thereby discriminatorily denying
12 plaintiffs and the class of other similarly situated persons with physical disabilities access to, the
13 full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,
14 services, and accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to
15 the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code
16 §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

17      2.     Plaintiff LES JANKEY is a person with physical disabilities who, on or about
18 March 15, 2008, March 16, 2008, March 17, 2008, March 19, 2008, March 26, 2008, April 16,
19 2008 and April 17, 2008 , was an invitee, guest, patron, customer at defendants' GEARY
20 PARKWAY MOTEL, in the City of San Francisco, California. At said time and place,
21 defendants failed to provide proper legal access to the motel, which is a "public accommodation"
22 and/or a "public facility" including, but not limited to signage, parking and guest rooms. The
23 denial of access was in violation of both federal and California legal requirements, and plaintiff
24 LES JANKEY suffered violation of his civil rights to full and equal access, and was embarrassed
25 and humiliated.

26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1    **JURISDICTION AND VENUE:**

2    3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

3    §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

4    Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5    nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6    California law, whose goals are closely tied with the ADA, including but not limited to violations

7    of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8    *seq*., including §19959; Title 24 California Building Standards Code.

9    4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10   founded on the facts that the real property which is the subject of this action is located at/near

11   4750 Geary Boulevard, in the City and County of San Francisco, State of California, and that

12   plaintiffs' causes of action arose in this county.

13   **PARTIES:**

14   5.    Plaintiff LES JANKEY is a "physically handicapped person", a "physically

15   disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

16   disabled", "physically handicapped" and "person with physical disabilities" are used

17   interchangeably, as these words have similar or identical common usage and legal meaning, but

18   the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19   handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

20   statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21   LES JANKEY is a "person with physical disabilities", as defined by all applicable California and

22   United States laws. Plaintiff has a congenital deformity of both lower extremities. Plaintiff LES

23   JANKEY requires the use of a wheelchair to travel about in public. Consequently, plaintiff LES

24   JANKEY is a member of that portion of the public whose rights are protected by the provisions

25   of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by

26   Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code

27   §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities

28   Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

2  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

3  with persons with disabilities to empower them to be independent in American society. DREES

4  accomplishes its goals and purposes through education on disability issues, enforcement of the

5  rights of persons with disabilities, and the provision of services to persons with disabilities, the

6  general public, public agencies and the private business sector. DREES brings this action on

7  behalf of its members, many of whom are persons with physical disabilities and whom have

8  standing in their right to bring this action.

9    7.    That members of DREES, like plaintiff LES JANKEY, will or have been guests

10  and invitees at the subject GEARY PARKWAY MOTEL, and that the interests of plaintiff

11  DREES in removing architectural barriers at the subject motel advance the purposes of DREES

12  to assure that all public accommodations, including the subject motel, are accessible to

13  independent use by mobility-impaired persons. The relief sought by plaintiff DREES as alleged

14  herein is purely statutory in nature.

15    8.    Defendants HENRY KAO-CHUN YANG TRUSTEE of the CHUNG LANG

16  YANG IRREVOCABLE TRUST; BALWANTSINH D. THAKOT, and KIRANSHINH B.

17  THAKOR, individuals dba GEARY PARKWAY MOTEL (hereinafter alternatively collectively

18  referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the

19  owners, lessors and/or lessees, of the public accommodation known as the GEARY PARKWAY

20  MOTEL, located at/near 4750 Geary Boulevard, San Francisco, California, or of the building

21  and/or buildings which constitute said public accommodation.

22    9.    At all times relevant to this complaint, defendants HENRY KAO-CHUN YANG

23  TRUSTEE of the CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D.

24  THAKOT, and KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL,

25  own and operate in joint venture the subject GEARY PARKWAY MOTEL as a public

26  accommodation. This business is open to the general public and conducts business therein. The

27  business is a "public accommodation" or "public facility" subject to the requirements of

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1 | California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the

2 | ADA, 42 U.S.C. §12101, *et seq.*

3 |     10.    At all times relevant to this complaint, defendants HENRY KAO-CHUN YANG

4 | TRUSTEE of the CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D.

5 | THAKOT, and KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL are

6 | jointly and severally responsible to identify and remove architectural barriers at the subject motel

7 | pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent

8 | part:

9 |         **§ 36.201     General**

10 |         (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public

11 | accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the

12 | requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may

13 | be determined by lease or other contract.

14 |     28 CFR §36.201(b)

15 | **PRELIMINARY FACTUAL ALLEGATIONS:**

16 |     11.    The GEARY PARKWAY MOTEL, is a motel, located at/near 4750 Geary

17 | Boulevard, San Francisco, California. The GEARY PARKWAY MOTEL, its signage, parking,

18 | guest rooms, and its other facilities are each a "place of public accommodation or facility"

19 | subject to the barrier removal requirements of the Americans with Disabilities Act. On

20 | information and belief, each such facility has, since July 1, 1970, undergone "alterations,

21 | structural repairs and additions", each of which has subjected the GEARY PARKWAY MOTEL

22 | and each of its facilities, its signage, parking and guest rooms to disability access requirements

23 | per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the

24 | California Code of regulations (Title 24).

25 |     12.    At all times stated herein, plaintiff LES JANKEY was a member of DREES.

26 |     13.    At all times referred to herein and continuing to the present time, defendants, and

27 | each of them, advertised, publicized and held out the GEARY PARKWAY MOTEL as being

28 | handicapped accessible and handicapped usable.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       14.     On or about March 15, 2008, March 16, 2008, March 17, 2008, March 19, 2008,

2    March 26, 2008, April 16, 2008 and April 17, 2008, plaintiff LES JANKEY was an invitee at the

3    subject GEARY PARKWAY MOTEL, for purposes of renting and staying in a room overnight.

4       15.     On or about Saturday, March 15, 2008, plaintiff LES JANKEY telephoned

5    Central Reservations for the GEARY PARKWAY MOTEL using their 877 number.  This was

6    for a Monday reservation.  Plaintiff LES JANKEY was informed that the GEARY PARKWAY

7    MOTEL would send him a confirming email within one (1) hour.

8       16.     On or about Sunday, March 16, 2008, plaintiff LES JANKEY telephoned the

9    GEARY PARKWAY MOTEL.  Plaintiff LES JANKEY spoke to a woman.  Plaintiff told her he

10   did not receive a confirming email.  Plaintiff LES JANKEY told the lady he needed a handicap

11   accessible room.  The spokesperson for GEARY PARKWAY MOTEL told plaintiff in

12   substance, "that a handicap accessible room was not available, because the guy staying in it

13   decided to stay an extra week."  Plaintiff LES JANKEY responded in substance, that "a first

14   floor room that was large might work for him."  The response in substance was "we couldn't rent

15   you a room because you're in a wheelchair and need the accessible room...it wouldn't be right."

16      17.     On or about Monday, March 17, 2008, plaintiff LES JANKEY had his friend

17   Belinda Pates call the GEARY PARKWAY MOTEL on his behalf to secure a reservation for

18   March 19, 2008.  Belinda Pates was informed by a woman in substance, "that no rooms were

19   available and that rooms were rented on a first come first serve basis."

20      18.     The motel representative contradicted herself indicating that a reservation could

21    be made but that a room could not be guaranteed until arrival, but no rooms were available for

22   Wednesday, April 19, 2008.

23      19.     On or about March 26, 2008, plaintiff LES JANKEY went directly to GEARY

24   PARKWAY MOTEL to secure a room.  It was approximately 4:30 p.m..  Plaintiff LES JANKEY

25   inquired about an accessible room and was told that none were available.  Plaintiff then asked to

26   see the largest first floor room.  Plaintiff LES JANKEY was shown a room with two (2) double

27   beds.  However, one (1) bed blocked access to the bathroom.  Plaintiff LES JANKEY told the

28   employee that the room would probably work but that the bed needed to be moved a little.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Plaintiff LES JANKEY attempted to move the bed while in his wheelchair and asked the male

2  employee to help him. The male employee refused. Plaintiff LES JANKEY then left.

3      20.    On or about April 11, 2008, plaintiff LES JANKEY made a reservation at

4  GEARY PARKWAY MOTEL.

5      21.    On or about April16 and 17, 2008, plaintiff LES JANKEY rented room number

6  102 at the GEARY PARKWAY MOTEL not only to stay in the city, but to determine if the room

7  was large enough to be made accessible. With great difficulty, plaintiff LES JANKEY while

8  stressing and straining himself was able to use the toilet.

9      22.    At said time and place, plaintiff LES JANKEY saw that adjacent to the bathroom

10  was a very large closet space that could be used to create a handicap bathroom.

11      23.    On or about April 16, 2008, plaintiff LES JANKEY attempted to use the shower.

12  Because the shower had an approximately four (4) inch shower pan, plaintiff LES JANKEY

13  could not roll into the shower. Plaintiff needed a shower chair to transfer. Plaintiff LES

14  JANKEY contacted a male employee at the registration counter and asked for a shower chair,

15  stool, five gallon bucket, trash can or anything he could transfer onto. Plaintiff LES JANKEY

16  asked this (multiple times). The man replied: "we're limited." Plaintiff LES JANKEY also

17  asked for a mirror to shave and was told by this man in substance that one was not available.

18  Plaintiff LES JANKEY then saw a workman and the workman brought him a four legged low

19  saw horse that had approximately a one (1) foot wide top. Plaintiff used this to transfer onto with

20  great difficulty.

21      24.    On or about April 17, 2008, plaintiff LES JANKEY once again asked the fellow

22  at the registration counter for a small mirror with which to shave. Again, the man did not

23  provide a usable mirror.

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    25.    Therefore, at said time(s) and place, plaintiff LES JANKEY, a person with a

2  disability, encountered the following inaccessible elements of the subject GEARY PARKWAY

3  MOTEL  which constituted architectural barriers and a denial of the proper and legally-required

4  access to a public accommodation to persons with physical disabilities including, but not limited

5  to:

6            a.    lack of directional signage to show accessible routes of travel, i.e.,
                    entrances;

.7

8            b.    lack of the requisite number of regular disabled parking stall(s);

             c.    lack of disabled van accessible parking stall(s);
9
             d.    lack of handicapped accessible guest room with two beds and bathroom
10                 within;

11           e.    lack of the requisite number of accessible guest rooms by classification;

12           f.    on personal knowledge, information and belief, other public facilities and
                    elements too numerous to list were improperly inaccessible for use by
13                 persons with physical disabilities;

14           g.    lack of a reservation policy, practice and procedure to "hold" disabled
                    guest rooms for persons with disabilities before selling said rooms to the
15                 general public; and

16           h.    Plaintiff is informed and believes defendants lack a policy, practice and
                    procedure of having available guest rooms for persons with disabilities.
17                 (Plaintiff seeks the implementation of a policy, practice and procedure that
                    handicapped accessible guest rooms will not be sold unless specifically
18                 requested or until all other rooms are sold to the general public to ensure
                    the availability of guest rooms to persons with disabilities.

19
     26.    At all times stated herein, the existence of architectural barriers at defendants'
20
   place of public accommodation evidenced "actual notice" of defendants' intent not to comply
21
   with the Americans with Disabilities Act of 1990 either then, now or in the future.
22
   ///
23
   ///
24
   ///
25
   ///
26
   ///
27
   ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1    27.    As a legal result of defendants HENRY KAO-CHUN YANG TRUSTEE of the

2 CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D. THAKOT, and

3 KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL's failure to act as a

4 reasonable and prudent public accommodation in identifying, removing or creating architectural

5 barriers, policies, practices and procedures that denied access to plaintiffs and other persons with

6 disabilities, plaintiffs suffered the damages as alleged herein.

7    28.    As a legal result of defendants' actions or omissions as stated herein and

8 defendants' denial of access to plaintiff to all or part of the facilities constituting the public

9 accommodations which comprise the GEARY PARKWAY MOTEL, plaintiff was wrongfully

10 evicted and/or rejected by defendants, and each of them.

11    29.    As a further legal result of the actions and failure to act of defendants, and as a

12 legal result of the failure to provide proper handicapped-accessible public facilities as set forth

13 herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff

14 LES JANKEY suffered a loss of his civil rights and his rights as a person with physical

15 disabilities to full and equal access to public facilities.

16    30.    Further, plaintiff LES JANKEY suffered emotional distress, mental distress,

17 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

18 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a

19 person with physical disabilities being denied access, all to his damages as prayed hereinafter in

20 an amount within the jurisdiction of this court. No claim is being made for mental and emotional

21 distress over and above that usually associated with the discrimination and physical injuries

22 claimed, and no expert testimony regarding this usual mental and emotional distress will be

23 presented at trial in support of the claim for damages.

24    31.    Plaintiff LES JANKEY and the membership of DREES were denied their rights to

25 equal access to a public facility by defendants HENRY KAO-CHUN YANG TRUSTEE of the

26 CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D. THAKOT, and

27 KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL, because defendants

28 HENRY KAO-CHUN YANG TRUSTEE of the CHUNG LANG YANG IRREVOCABLE

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1 TRUST; BALWANTSINH D. THAKOT, and KIRANSHINH B. THAKOR, individuals dba
2 GEARY PARKWAY MOTEL maintained a motel without access for persons with physical
3 disabilities to its facilities, including but not limited to signage, parking, guest rooms, and other
4 public areas as stated herein, and continue to the date of filing this complaint to deny equal access
5 to plaintiffs and other persons with physical disabilities in these and other ways.

6      32.     On information and belief, construction alterations carried out by defendants have
7 also triggered access requirements under both California law and the Americans with Disabilities
8 Act of 1990.

9      33.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the GEARY
10 PARKWAY MOTEL to be made accessible to meet the requirements of both California law and
11 the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
12 operate the GEARY PARKWAY MOTEL as a public facility.

13      34.     Plaintiffs seek damages for violation of their civil rights on March 15, 2008,
14 March 16, 2008, March 17, 2008, March 19, 2008, March 26, 2008, April 16, 2008 and April 17,
15 2008 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or
16 alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of
17 fact (court/jury) determines was the date that some or all remedial work should have been
18 completed under the standard that the landlord and tenant had an ongoing duty to identify and
19 remove architectural barriers where it was readily achievable to do so, which deterred plaintiff
20 LES JANKEY from returning to the subject public accommodation because of his knowledge
21 and/or belief that neither some or all architectural barriers had been removed and that said
22 premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

23      35.     On information and belief, defendants have been negligent in their affirmative duty
24 to identify the architectural barriers complained of herein and negligent in the removal of some or
25 all of said barriers.

26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1    36.    Because of defendants' violations, plaintiffs and other persons with physical
2 disabilities are unable to use public facilities such as those owned and operated by defendants on a
3 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
4 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
5 other accessibility law as plead herein. Plaintiffs seek an order from this court compelling
6 defendants to make the motel accessible to persons with disabilities.

7    37.    On information and belief, defendants have intentionally undertaken to modify and
8 alter existing building(s), and have failed to make them comply with accessibility requirements
9 under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
10 of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
11 and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried
12 out by defendants, and each of them, with a willful and conscious disregard for the rights and
13 safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as
14 provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
15 defendants, and each of them, to other operators of other motels and other public facilities, and to
16 punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

17    38.    Plaintiffs are informed and believe and therefore allege that defendants HENRY
18 KAO-CHUN YANG TRUSTEE of the CHUNG LANG YANG IRREVOCABLE TRUST;
19 BALWANTSINH D. THAKOT, and KIRANSHINH B. THAKOR, individuals dba GEARY
20 PARKWAY MOTEL, and each of them, caused the subject building(s) which constitute the
21 GEARY PARKWAY MOTEL to be constructed, altered and maintained in such a manner that
22 persons with physical disabilities were denied full and equal access to, within and throughout said
23 building(s) of the motel and were denied full and equal use of said public facilities. Furthermore,
24 on information and belief, defendants have continued to maintain and operate said motel and/or its
25 building(s) in such conditions up to the present time, despite actual and constructive notice to
26 such defendants that the configuration of motel and/or its building(s) is in violation of the civil
27 rights of persons with physical disabilities, such as plaintiff LES JANKEY, the membership of
28 plaintiff DREES and the disability community which DREES serves. Such construction,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1  modification, ownership, operation, maintenance and practices of such public facilities are in

2  violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42

3  U.S.C. §12101, *et seq.*

4      39.    On personal knowledge, information and belief, the basis of defendants' actual and

5  constructive notice that the physical configuration of the facilities including, but not limited to,

6  architectural barriers constituting the GEARY PARKWAY MOTEL and/or building(s) was in

7  violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is

8  not limited to, communications with invitees and guests, owners of other restaurants, hotels,

9  motels and businesses, notices they obtained from governmental agencies upon modification,

10  improvement, or substantial repair of the subject premises and other properties owned by these

11  defendants, newspaper articles and trade publications regarding the Americans with Disabilities

12  Act of 1990 and other access laws, public service announcements by former U.S. Attorney

13  General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure,

14  under state and federal law, to make the motel accessible is further evidence of defendants'

15  conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.

16  Despite being informed of such effect on plaintiff and other persons with physical disabilities due

17  to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused

18  to take any steps to rectify the situation and to provide full and equal access for plaintiffs and

19  other persons with physical disabilities to the motel. Said defendants, and each of them, have

20  continued such practices, in conscious disregard for the rights of plaintiffs and other persons with

21  physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants

22  had further actual knowledge of the architectural barriers referred to herein by virtue of the

23  demand letter addressed to the defendants and served concurrently with the summons and

24  complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other

25  persons with physical disabilities, constitutes despicable conduct in conscious disregard of the

26  rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of

27  treble damages per Civil Code §§52 and 54.3.

28  ///

1      40.     Plaintiff LES JANKEY and plaintiff DREES, on behalf of its membership and the

2   disability community which it serves, consisting of persons with disabilities, would, could and

3   will return to the subject public accommodation when it is made accessible to persons with

4   disabilities.

5   **I.      FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
       **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
6       **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
7       EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
       corporation and Against Defendants HENRY KAO-CHUN YANG TRUSTEE of the
8       CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D. THAKOT, and
       KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL, inclusive)
9       (42 U.S.C. §12101, *et seq.*)

10      41.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

11   allegations contained in paragraphs 1 through 40 of this complaint.

12      42.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

13   §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

14   protect:

15              some 43 million Americans with one or more physical or mental
               disabilities; [that] historically society has tended to isolate and
16              segregate individuals with disabilities; [that] such forms of
               discrimination against individuals with disabilities continue to be a
17              serious and pervasive social problem; [that] the nation's proper
               goals regarding individuals with disabilities are to assure equality of
18              opportunity, full participation, independent living and economic
               self-sufficiency for such individuals; [and that] the continuing
19              existence of unfair and unnecessary discrimination and prejudice
               denies people with disabilities the opportunity to compete on an
20              equal basis and to pursue those opportunities for which our free
               society is justifiably famous.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    43.    Congress stated as its purpose in passing the Americans with Disabilities Act of

2  1990 (42 U.S.C. §12102):

3            It is the purpose of this act (1) to provide a clear and comprehensive
             national mandate for the elimination of discrimination against
4            individuals with disabilities; (2) to provide clear, strong, consistent,
             enforceable standards addressing discrimination against individuals
5            with disabilities; (3) to ensure that the Federal government plays a
             central role in enforcing the standards established in this act on
6            behalf of individuals with disabilities; and (4) to invoke the sweep
             of Congressional authority, including the power to enforce the 14th
7            Amendment and to regulate commerce, in order to address the
             major areas of discrimination faced day to day by people with
8            disabilities.

9    44.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

10  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

11  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

12  accommodations identified for purposes of this title was:

13            (7)    PUBLIC ACCOMMODATION - The following private
             entities are considered public accommodations for purposes of this
14           title, if the operations of such entities affect commerce -

                              ---

15
             (A) an inn, hotel, motel, or other place of lodging, except for an
16           establishment located within a building that contains not more than five
             rooms for rent or hire and that is actually occupied by the proprietor of such
17           establishment as the residence of such proprietor.

18           42 U.S.C. §12181(7)(A)

19   45.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

20  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

21  privileges, advantages, or accommodations of any place of public accommodation by any person

22  who owns, leases, or leases to, or operates a place of public accommodation".

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    46.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2  42 U.S.C. §12182(b)(2)(a) are:

3              (I)    the imposition or application of eligibility criteria
       that screen out or tend to screen out an individual with a disability
4       or any class of individuals with disabilities from fully and equally
       enjoying any goods, services, facilities, privileges, advantages, or
5       accommodations, unless such criteria can be shown to be necessary
       for the provision of the goods, services, facilities, privileges,
6       advantages, or accommodations being offered;

7              (ii)    a failure to make reasonable modifications in
       policies, practices, or procedures, when such modifications are
8       necessary to afford such goods, services, facilities, privileges,
       advantages or accommodations to individuals with disabilities,
9       unless the entity can demonstrate that making such modifications
       would fundamentally alter the nature of such goods, services,
10      facilities, privileges, advantages, or accommodations;

11             (iii)    a failure to take such steps as may be necessary to
       ensure that no individual with a disability is excluded, denied
12      services, segregated or otherwise treated differently than other
       individuals because of the absence of auxiliary aids and services,
13      unless the entity can demonstrate that taking such steps would
       fundamentally alter the nature of the good, service, facility,
14      privilege, advantage, or accommodation being offered or would
       result in an undue burden;

15
              (iv)    a failure to remove architectural barriers, and
16      communication barriers that are structural in nature, in existing
       facilities . . . where such removal is readily achievable; and

17
              (v)    where an entity can demonstrate that the removal of
18      a barrier under clause (iv) is not readily achievable, a failure to
       make such goods, services, facilities, privileges, advantages or
19      accommodations available through alternative methods if such
       methods are readily achievable.

20
The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public

21
Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

22
January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

23
§51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

24
///
25
///
26
///
27
///
28

1      47.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was

2 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of GEARY

3 PARKWAY MOTEL pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief,

4 if the removal of all the barriers complained of herein together was not "readily achievable," the

5 removal of each individual barrier complained of herein was "readily achievable." On

6 information and belief, defendants' failure to remove said barriers was likewise due to

7 discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

8 (b)(2)(A)(i)and (ii).

9      48.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

10 accomplishable and able to be carried out without much difficulty or expense." The statute

11 defines relative "expense" in part in relation to the total financial resources of the entities

12 involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that

13 plaintiffs complain of herein were and are "readily achievable" by the defendants under the

14 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

15 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

16 make the required services available through alternative methods which were readily achievable.

17      49.    On information and belief, construction work on, and modifications of, the subject

18 building(s) of GEARY PARKWAY MOTEL occurred after the compliance date for the

19 Americans with Disabilities Act, January 26, 1992, independently triggering access requirements

20 under Title III of the ADA.

21      50.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

22 *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

23 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

24 basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

25 are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from

26 returning to or making use of the public facilities complained of herein so long as the premises

27 and defendants' policies bar full and equal use by persons with physical disabilities.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    51.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2  disability to engage in a futile gesture if such person has actual notice that a person or

3  organization covered by this title does not intend to comply with its provisions". Pursuant to this

4  section, plaintiff LES JANKEY has not attempted to return to defendants' premises since on or

5  about April 17, 2008, but on information and belief, alleges that defendants have continued to

6  violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to

7  access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

8  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

9  facilities readily accessible to and usable by individuals with disabilities to the extent required by

10 this title".

11    52.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

12 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13 the Americans with Disabilities Act of 1990, including but not limited to an order granting

14 injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being

15 deemed to be the prevailing party.

16    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

17 **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
       IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
18     (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
       EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
19     corporation, and Against Defendants HENRY KAO-CHUN YANG TRUSTEE of the
       CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D. THAKOT, and
20     KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL, inclusive)
       (California Civil Code §§54, 54.1, 54.3, *et seq.)*
21
       53.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the
22
   allegations contained in paragraphs 1 through 52 of this complaint.
23
   ///
24
   ///
25
   ///
26
   ///
27
   ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

54.    At all times relevant to this action, California Civil Code §54 has provided that

persons with physical disabilities are not to be discriminated against because of physical handicap

or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as
> the general public to full and free use of the streets, highways,
> sidewalks, walkways, public buildings, medical facilities, including
> hospitals, clinics, and physicians' offices, and other public places.

55.    California Civil Code §54.1 provides that persons with disabilities shall not be

denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full
> and equal access, as other members of the general public, to
> accommodations, advantages, facilities, medical facilities, including
> hospitals, clinics, and physicians' offices, and privileges of all
> common carriers, airplanes, motor vehicles, railroad trains,
> motorbuses, streetcars, boats, or any other public conveyances or
> modes of transportation (whether private, public, franchised,
> licensed, contracted, or otherwise provided), telephone facilities,
> adoption agencies, private schools, hotels, lodging places, places of
> public accommodation, amusement or resort, and other places to
> which the general public is invited, subject only to the conditions
> and limitations established by law, or state or federal regulation, and
> applicable alike to all persons.

Civil Code §54.1(a)(1)

56.    California Civil Code §54.1 further provides that a violation of the Americans with

Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336) also
> constitutes a violation of this section, and nothing in this section
> shall be construed to limit the access of any person in violation of
> that act.

Civil Code §54.1(d)

57.    Plaintiff LES JANKEY and the membership of plaintiff DREES are persons within

the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the

defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific

architectural barrier which defendants knowingly and willfully fail and refuse to remove

constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and

continue to be denied full and equal access to defendants' GEARY PARKWAY MOTEL. As a

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in

2  accordance with California Civil Code §54.3(a) for each day on which they visited or have been

3  deterred from visiting the GEARY PARKWAY MOTEL because of their knowledge and belief

4  that the motel is inaccessible to persons with disabilities. California Civil Code §54.3(a)

5  provides:

> Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

13  58.    On or about March 15, 2008, March 16, 2008, March 17, 2008, March 19, 2008,

14  March 26, 2008, April 16, 2008 and April 17, 2008, plaintiff LES JANKEY suffered violations of

15  Civil Code §§54 and 54.1 in that plaintiff LES JANKEY was denied access to signage, parking,

16  guest rooms and other public facilities as stated herein at the GEARY PARKWAY MOTEL and

17  on the basis that plaintiff LES JANKEY was a person with physical disabilities.

18  59.    As a result of the denial of equal access to defendants' facilities due to the acts and

19  omissions of defendants, and each of them, in owning, operating and maintaining these subject

20  public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

21  rights under Civil Code §§54, 54.1.

22  60.    Further, plaintiff LES JANKEY suffered mental distress, mental suffering, mental

23  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

24  and worry, all of which are expectedly and naturally associated with a denial of access to a person

25  with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and

26  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are

27  persons or an entity that represents persons with physical disabilities and unable, because of the

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1 architectural barriers created and maintained by the defendants in violation of the subject laws, to
2 use the public facilities hereinabove described on a full and equal basis as other persons.

3      61.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
4 and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of
5 plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or
6 about March 15, 2008, March 16, 2008, March 17, 2008, March 19, 2008, March 26, 2008, April
7 16, 2008 and April 17, 2008 , and on a continuing basis since then, including statutory damages, a
8 trebling of all of actual damages, general and special damages available pursuant to §54.3 of the
9 Civil Code according to proof.

10      62.    As a result of defendants', and each of their, acts and omissions in this regard,
11 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
12 plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical
13 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
14 the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit
15 for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
16 plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also
17 to compel the defendants to make their facilities accessible to all members of the public with
18 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
19 the provisions of §1021.5 of the Code of Civil Procedure.

20      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

21 **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
        FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*
22      (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
23      corporation and Against Defendants HENRY KAO-CHUN YANG TRUSTEE of the
        CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D. THAKOT, and
24      KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL, inclusive)
        (Health & Safety Code §19955, *et seq.*)
25
        63.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
26
        allegations contained in paragraphs 1 through 62 of this complaint.
27
        ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

64. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

65. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the GEARY PARKWAY MOTEL and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the motel and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said motel and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

66. Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of GEARY PARKWAY MOTEL and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Case 3:08-cv-02466-PJH    Document 1    Filed 05/14/2008    Page 22 of 28

1 each of the standards and specifications described in the American Standards Association
2 Specifications and/or those contained in Title 24 of the California Building Standards Code.

3     67.     Motels such as the GEARY PARKWAY MOTEL are "public accommodations or
4 facilities" within the meaning of Health & Safety Code §19955, *et seq*.

5     68.     As a result of the actions and failure to act of defendants, and as a result of the
6 failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were
7 denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'
8 civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to
9 public facilities.

10     69.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
11 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
12 plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with
13 physical disabilities and prohibiting discrimination against the persons with physical disabilities,
14 and to take such action both in plaintiffs' own interests and in order to enforce an important right
15 affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all
16 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
17 §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953
18 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs
19 and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-
20 3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing
21 party.

22     70.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of
23 them, to make the subject place of public accommodation readily accessible to and usable by
24 persons with disabilities.

25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1    Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

2    **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
3    **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
4    (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
     EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
5    corporation, and Against Defendants HENRY KAO-CHUN YANG TRUSTEE of the
     CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D. THAKOT, and
6    KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL, inclusive)
     (Civil Code §51, 51.5)

7
        71.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
8
     allegations contained in paragraphs 1 through 70 of this complaint.
9
        72.    Defendants' actions and omissions and failure to act as a reasonable and prudent
10
     public accommodation in identifying, removing and/or creating architectural barriers, policies,
11
     practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The
12
     Unruh Act provides:
13
                     This section shall be known, and may be cited, as the Unruh
14                   Civil Rights Act.

15                   All persons within the jurisdiction of this state are free and
                     equal, and no matter what their sex, race, color, religion, ancestry,
16                   national origin, or disability are entitled to the full and equal
                     accommodations, advantages, facilities, privileges, or services in all
17                   business establishments of every kind whatsoever.

18                   This section shall not be construed to confer any right or
                     privilege on a person that is conditioned or limited by law or that is
19                   applicable alike to persons of every sex, color, race, religion,
                     ancestry, national origin, or disability.
20
                     Nothing in this section shall be construed to require any
21                   construction, alteration, repair, structural or otherwise, or
                     modification of any sort whatsoever, beyond that construction,
22                   alteration, repair, or modification that is otherwise required by other
                     provisions of law, to any new or existing establishment, facility,
23                   building, improvement, or any other structure . . . nor shall anything
                     in this section be construed to augment, restrict, or alter in any way
24                   the authority of the State Architect to require construction,
                     alteration, repair, or modifications that the State Architect otherwise
25                   possesses pursuant to other . . . laws.

26                   A violation of the right of any individual under the
                     Americans with Disabilities Act of 1990 (Public Law 101-336) shall
27                   also constitute a violation of this section.

28   ///

1 As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2 "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

3 failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4 failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5 defendants, and each of them.

6      73.    The acts and omissions of defendants stated herein are discriminatory in nature and

7 in violation of Civil Code §51.5:

8           No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,
9     or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or disability of the person or of
10     the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
11     suppliers, or customers.

12           As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
13     limited liability company, or company.

14           Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
15     modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other
16     provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
17     in this section be construed to augment, restrict or alter in any way
the authority of the State Architect to require construction,
18     alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other laws.
19

20      74.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal

accommodations, advantages, facilities, privileges and services in a business establishment, on the
21

basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.
22

Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the
23

right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)
24

shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of
25

their above cause of action for violation of the Americans with Disabilities Act at §41, *et seq*., as
26

if repled herein.
27

/// 
28

1    75.    As a legal result of the violation of plaintiff LES JANKEY's civil rights as

2 hereinabove described, plaintiff LES JANKEY has suffered general and statutory damages.

3    76.    Further, plaintiff LES JANKEY suffered emotional distress (all to plaintiff's

4 damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs LES

5 JANKEY and DREES are entitled to the rights and remedies of §52(a) of the Civil Code,

6 including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and

7 general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute,

8 according to proof if deemed to be the prevailing party.

9 **PRAYER:**

10    Plaintiffs pray that this court award damages and provide relief as follows:

11 **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

12 **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,

13 EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants HENRY KAO-CHUN YANG TRUSTEE of the

14 CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D. THAKOT, and KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL, inclusive)

15 (42 U.S.C. §12101, *et seq.*)

16    1.    For injunctive relief, compelling defendants HENRY KAO-CHUN YANG

17 TRUSTEE of the CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D.

18 THAKOT, and KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL,

19 inclusive, to make the GEARY PARKWAY MOTEL, located at 4750 Geary Street, San

20 Francisco, California, readily accessible to and usable by individuals with disabilities, per 42

21 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility

22 criteria and procedures so as to afford full access to the goods, services, facilities, privileges,

23 advantages and accommodations being offered.

24    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

25 the prevailing party; and

26    3.    For such other and further relief as the court may deem proper.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **II.  PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
2 **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***

(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
3 EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
corporation, and Against Defendants HENRY KAO-CHUN YANG TRUSTEE of the
4 CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D. THAKOT, and
KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL, inclusive)
5 (California Civil Code §§54, 54.1, 54.3, *et seq.*)

6     1.     For injunctive relief, compelling defendants HENRY KAO-CHUN YANG

7 TRUSTEE of the CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D.

8 THAKOT, and KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL,

9 inclusive, to make the GEARY PARKWAY MOTEL, located at 4750 Geary Street, San

10 Francisco, California, readily accessible to and usable by individuals with disabilities, per state

11 law.

12     2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

13 each occasion on which plaintiffs were deterred from returning to the subject public

14 accommodation.

15     3.     Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure

16 §1021.5, if plaintiffs are deemed the prevailing party;

17     4.     Treble damages pursuant to Civil Code §54.3;

18     5.     For all costs of suit;

19     6.     Prejudgment interest pursuant to Civil Code §3291;

20     7.     Such other and further relief as the court may deem just and proper.

21 **III.  PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
**EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
22 **AND 54.3, *ET SEQ.***

(On Behalf of Plaintiff LES JANKEY, and Against Defendants HENRY KAO-CHUN
23 YANG TRUSTEE of the CHUNG LANG YANG IRREVOCABLE TRUST;
BALWANTSINH D. THAKOT, and KIRANSHINH B. THAKOR, individuals dba
24 GEARY PARKWAY MOTEL, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)
25
    1.     General and compensatory damages according to proof.
26
///
27
///
28

1  **IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE**
   **SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
2  **§19955, *ET. SEQ.***
   (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
3  EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
   corporation, and Against Defendants HENRY KAO-CHUN YANG TRUSTEE of the
4  CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D. THAKOT, and
   KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL, inclusive)
5  (Health & Safety code §19955, *et seq.*)

6       1.      For injunctive relief, compelling  defendants HENRY KAO-CHUN YANG

7  TRUSTEE of the CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D.

8  THAKOT, and KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL,

9  inclusive, to make the GEARY PARKWAY MOTEL, located at 4750 Geary Street, San

10 Francisco, California, readily accessible to and usable by individuals with disabilities, per state

11 law.

12      2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

13 and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

14      3.      For all costs of suit;

15      4.      For prejudgment interest pursuant to Civil Code §3291;

16      5.      Such other and further relief as the court may deem just and proper.

17 **V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
   **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
18 **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
   **CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
19 (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
   EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
20 corporation and Against Defendants HENRY KAO-CHUN YANG TRUSTEE of the
   CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D. THAKOT, and
21 KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL, inclusive)
   (California Civil Code §§51, 51.5, *et seq.*)
22
        1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and
23
   for each occasion on which plaintiffs were deterred from returning to the subject public
24
   accommodation;
25
   ///
26
   ///
27
   ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

2 prevailing party;

3  3. Treble damages pursuant to Civil Code §52(a);

4  4. For all costs of suit;

5  5. Prejudgment interest pursuant to Civil Code §3291; and

6  6. Such other and further relief as the court may deem just and proper.

7 **VI. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
  **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
8  **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
  **CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
9  (On Behalf of Plaintiff LES JANKEY, and Against Defendants HENRY KAO-CHUN
  YANG TRUSTEE of the CHUNG LANG YANG IRREVOCABLE TRUST;
10  BALWANTSINH D. THAKOT, and KIRANSHINH B. THAKOR, individuals dba
  GEARY PARKWAY MOTEL, inclusive)
11  (California Civil Code §§51, 51.5, *et seq.*)

12  1. General and compensatory damages to plaintiff LES JANKEY according to proof.

13

14 Dated: _____ 4/30/08 _____, 2008 THOMAS E. FRANKOVICH
  *A PROFESSIONAL LAW CORPORATION*

15

16

17     By: _____
      THOMAS E. FRANKOVICH
18    Attorneys for Plaintiffs LES JANKEY and DISABILITY RIGHTS
    ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU
    HELP OTHERS, a California public benefit corporation

19

20     **DEMAND FOR JURY TRIAL**

21  Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

22 Dated: _____ 4/30/08 _____, 2008 THOMAS E. FRANKOVICH
  *A PROFESSIONAL LAW CORPORATION*

23

24

25     By: _____
      THOMAS E. FRANKOVICH
26    Attorneys for Plaintiffs LES JANKEY and DISABILITY RIGHTS
    ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU
    HELP OTHERS, a California public benefit corporation

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

JS 44 - CAND (Rev. 11/...)

**E-filing**

# CIVIL COVER SHEET

**PJH**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

LES JANKEY, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation,

**DEFENDANTS**

GEARY PARKWAY MOTEL; HENRY KAO-CHUN YANG TRUSTEE of the CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D. THAKOT, and KIRANSHINH B. THAKOR, individuals dba GEARY PARKWAY MOTEL



**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Los Angeles County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.        San Francisco County

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas E. Frankovich, APLC
2806 Van Ness Ave., S.F., CA 94109  (415) 674-8600

ATTORNEYS (IF KNOWN)

Unknown

**ORIGINAL**

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 2 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                     AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure of | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 RR & Truck | | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers | Injury Product Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | | ☐ 660 Occupational | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Satellite TV |
| Student Loans (Excl | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| Veterans) | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders Suits | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt Reporting & | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | Disclosure Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Act |
| | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate | Act | ☐ 870 Taxes (US Plaintiff or | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence Habeas Corpus: | | Defendant | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | | ☐ 871 IRS - Third Party | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | Determination Under |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 445 Amer w/ disab - Empl | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State |
| | ☐ 446 Amer w/ disab - Other | ☐ 555 Prison Condition | | | Statutes |
| | | | | | ☐ 890 Other Statutory Actions |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)

## VII. REQUESTED IN COMPLAINT:  ☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $☐     ☐ CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23                                              JURY DEMAND ☒ YES ☐ NO

## VIII. RELATED CASE(S)    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
IF ANY        "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)        ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  4/30/08    SIGNATURE OF ATTORNEY OF RECORD

DUPLICATE

Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611019128
Cashier ID: bucklem
Transaction Date: 05/14/2008
Payer Name: thomas e. frankovich

CIVIL FILING FEE
 For: les jankey
 Case/Party: D-CAN-3-08-CV-002466-001
 Amount:      $350.00

CHECK
 Check/Money Order Num: 10573
 Amt Tendered: $350.00

Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

pjh

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.