Law Offices of Michael Heath
Michael Heath SBN 196747
P.O. BOX 616
NOVATO, CA 94948-0616
3251 Steiner Street
San Francisco, CA 94123
Phone 415-931-4207
Fax 415-931-4117

Attorney for Defendants

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFONIA

LES JANKEY, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California Public Benefit Corporation

    Plaintiff,

v.

GEARY PARKWAY MOTEL; HENRY KAO-CHUN YANG, trustee of the CHUNG LANG YANG IRREVOCABLE TRUST; BALWANTSINH D. THAKOR, and KIRANSHIHN B. THAKOR, individuals dba GEARY PARKWAY MOTEL,

    Defendants.

CASE NO. C07-01716 PJH

ANSWER TO VERIFIED COMPLAINT

Defendants BALWANTSINH D. THAKOR, and KIRANSHIHN B. THAKOR, individuals dba GEARY PARKWAY MOTEL. answer plaintiff's Complaint for Injunctive Relief and damages for (1) Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act ("ADA") of 1990; (2) Denial of Full and Equal Access in violation of California Civil Code §§ 54, 54.1, and 54.3; (3) Denial of Accessible Sanitary Facilities in Violation of California Health &

ANSWER TO COMPLAINT 1-

Safety Code § 19955 et seq.; and (4) Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges, and/or Services in Violation of California Civil Code § 51 et seq. as follows:

## INTRODUCTION

1. Defendants lack knowledge or information sufficient to form a belief regarding the nature of this case, and therefore deny paragraph 1.

2. Defendants lack knowledge or information sufficient to form a belief regarding the allegations set out in paragraph 2, and therefore deny those allegations.

## JURISDICTION

3. Defendants admit that this Court has original jurisdiction over the subject matter.

## VENUE

4. Defendants admit that venue is proper in the Northern District of California.

## THE PARTIES

5. Defendants lack knowledge or information sufficient to form a belief as Plaintiff LES KANKEY'S status as a "physically disabled person" and therefore denies paragraph 5.

6. Defendants lack knowledge or information sufficient to form a belief regarding DREES' status as a non-profit 501(c)(3) corporation and Defendants deny the allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the contention of paragraph 9 and therefore deny paragraph 9.

10. Defendants deny the allegations in paragraph 10

**PRELIMINARY FACTUAL ALLEGATIONS**

11. Defendants deny the allegations in paragraph 11

12. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff LES KANKEY'S membership in DREES and therefore denies paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief as any representations regarding handicapped accessibility, and therefore deny paragraph 13

14. Defendants deny the allegations in paragraph 14

15. Defendants deny the allegations in paragraph 15

16. Defendants deny the allegations in paragraph 16

17. Defendants deny the allegations in paragraph 17

18. Defendants deny the allegations in paragraph 18

19. Defendants deny the allegations in paragraph 19

20. Defendants deny the allegations in paragraph 20

21. Defendants deny the allegations in paragraph 21

22. Defendants deny the allegations in paragraph 22

23. Defendants deny the allegations in paragraph 23

24. Defendants deny the allegations in paragraph 24

25. Defendants deny the allegations in paragraph 25

26. Defendants deny the allegations in paragraph 26

27. Defendants deny the allegations in paragraph 27

28. Defendants deny the allegations in paragraph 28

29. Defendants deny the allegations in paragraph 29

30. Defendants deny the allegations in paragraph 30

31. Defendants deny the allegations in paragraph 31

32. Defendants deny the allegations in paragraph 32

33. Defendants deny the allegations in paragraph 33

34. Defendants deny the allegations in paragraph 34

35. Defendants deny the allegations in paragraph 35

36. Defendants deny the allegations in paragraph 36

37. Defendants deny the allegations in paragraph 37

38. Defendants deny the allegations in paragraph 38

39. Defendants deny the allegations in paragraph 39

40. Defendants deny the allegations in paragraph 40

**FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLCI ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990.**

41. Defendants re-allege and incorporate by reference their answers to paragraphs 1 through 40.

42. Defendants deny the allegations contained in paragraph 41

43. Defendants admit the allegations in paragraph 42

44. . Defendants admit paragraph 43.

45. Defendants admit paragraph 44.

46. Defendants admit paragraph 45.

47. Defendants deny the allegations contained in paragraph 46.

48. Defendants deny the allegations in paragraph 47.

49. Defendants deny the allegations in paragraph 48.

50. Defendants deny the allegations in paragraph 49.

51. Defendants deny the allegations in paragraph 50

52. . Defendants deny the allegations in paragraph 51

53. Defendants deny the allegations in paragraph 52

**SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE § 54 *ET SEQ.***

54. Defendants re-allege and incorporate by reference their answers to paragraphs 1 through 52.

55. Defendants Deny the allegations in paragraph 53

ANSWER TO COMPLAINT 4-

56. Defendants admit paragraph 54

57. Defendants admit paragraph 55

58. Defendants admit paragraph 56.

59. Defendants deny the allegations in paragraph 57

60. Defendants deny the allegations in paragraph 58

61. Defendants deny the allegations in paragraph 59

62. Defendants deny the allegations in paragraph 60

63. Defendants deny the allegations in paragraph 61

64. Defendants deny the allegations in paragraph 62

## THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE § 19955, *ET SEQ.*

61.  Defendants re-allege and incorporate by reference their answers to paragraphs 1 through 64.

62. Defendants deny the allegations contained in paragraph 63

63. Defendants admit paragraph 64.

64. Defendants deny the allegations contained in paragraph 65.

65. Defendants deny the allegations contained in paragraph 66.

66. Defendants deny the allegations contained in paragraph 67.

67. Defendants deny the allegations contained in paragraph 68.

68. Defendants deny the allegations contained in paragraph 69.

69. Defendants deny the allegations contained in paragraph 70.

## FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE § 51, *ET SEQ.*

70.  Defendants re-allege and incorporate by reference their answers to paragraphs 1 through 69.
ANSWER TO COMPLAINT 5-

70. Defendants deny the allegations contained in paragraph 71.

71. Defendants deny the allegations contained in paragraph 72.

72. Defendants deny the allegations contained in paragraph 73.

73. Defendants deny the allegations contained in paragraph 74.

74. Defendants deny the allegations contained in paragraph 75.

75. Defendants deny the allegations contained in paragraph 76.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

76. The complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

77. The comparative fault of Plaintiff's and others, and such conduct of the part of Plaintiff and others, proximately contributed to the damages, if any, suffered by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

78. Plaintiff has failed to adequately mitigate their damages as alleged herein.

### FOURTH AFFIRMATIVE DEFENSE

79. Plaintiff is guilty of laches in that they have inexcusably and unreasonably delayed the filing of this action thereby causing substantial prejudice to Defendant.

### FIFTH AFFIRMATIVE DEFENSE

80. These answering defendants allege that by reason of the acts, omissions, or conduct of plaintiff and\or agents, or by reason of their ratification of the acts, omissions, or conduct of others, plaintiff is barred from any relief and\or the recovery of damages under the doctrine of waiver and\or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

81. These answering defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses

available, and accordingly, this answering defendant reserves the right to assert additional defenses in the event discovery indicates the same would be appropriate.

WHEREFORE, Defendants pray that Plaintiff take nothing by this complaint, that Defendants be awarded their costs of suit, including reasonable attorney's fees; and for such other and further relief as the Court may deem proper.

Dated: August 5, 2008

Law Offices of Michael Heath

By: _____
Michael Heath
Attorney for Defendants

## VERIFICATION

I, BALWANTSIHN THAKOR, hereby declare, that I have read the foregoing ANSWER TO COMPLAINT and know the contents thereof. The same is true of my own knowledge, except as to matters which are alleged on information and belief, and as to those matters, I believe to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 7/31/08

_____
BALWANTSIHN THAKOR

I, KIRANSHINH THAKOR, hereby declare, that I have read the foregoing ANSWER TO COMPLAINT and know the contents thereof. The same is true of my own knowledge, except as to matters which are alleged on information and belief, and as to those matters, I believe to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 7/31/08

_____
KIRANSHINH THAKOR

## PROOF OF SERVICE

**Case Name:** Jankey v. Geary Parkway Motel et al.

**Case No:** CV 072310

I, the undersigned, declare that I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My address is 3251 Steiner Street, San Francisco, CA 94123.

    On August 5, 2008 I served the following documents:
**ANSWER TO VERIFIED COMPLAINT**

on the party addressed as follows:

    Thomas E. Frankovich
    2806 Van Ness Avenue
    San Francisco, CA 94109

[X]     BY MAIL by placing a true copy of each document listed above in a sealed envelope addressed to the parties listed above and/or on the attachment hereto and placing it for collection in my office for deposit with the United States Postal Service. I am readily familiar with the regular business practices of my office and attest that envelopes so placed for collection are deposited on the same business day with the United States Postal Service.

[ ]     BY FACSIMILE on this date from the fax number (415) 931-4117 the document(s) listed above to the following fax number: (415) xxx-xxxx. The transmission was completed before 4:00 p.m. and was reported complete and without error. The transmitting fax machine complies with 28 U.S.C. §1746.

[ ]     BY CALIFORNIA OVERNIGHT by placing a true copy of each document listed above in a sealed envelope for delivery via CALIFORNIA OVERNIGHT to the addressee(s) listed above and/or on the attachment hereto.

[ ]     BY HAND I caused each such envelope to be delivered by hand to the addressee(s) listed above.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 5, 2008, San Francisco, California.

    _____
    Larisa Bondarenko